1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA, *ex rel.*          Case No.  2:22-cv-0250-DAD-JDP (PS)
     FATIMA ANN KATUMBUSI,
12
                  Plaintiffs,
13                                                 ORDER; FINDINGS AND
            v.                                     RECOMMENDATIONS
14
     WASATCH PROPERTY
15   MANAGEMENT, *et al.*,

16                Defendants.

17

18          Plaintiff Fatima Katumbusi, proceeding without counsel, filed a complaint against

19   defendants Wasatch Property Management, Wasatch Holding, Reliant Management, Oak Valley,

20   LLC; Oak Valley, L.P.; and Sacramento Housing and Redevelopment.  She alleges that

21   defendants violated the False Claims Act by submitting fraudulent claims to the Department of

22   Housing and Urban Development through its Federal Housing Choice Voucher program,

23   commonly referred to as "Section 8."  Plaintiff has also filed an application to proceed *in forma*

24   *pauperis* and motions to seal, to redact exhibits, and for a preliminary injunctive.  Her application

25   to proceed *in forma pauperis* makes the required showing, *see* 28 U.S.C. § 1915(a), and is

26   therefore granted.  I will deny her motions to seal and to redact, dismiss her complaint with leave

27

28

                                                    1

1  to amend, and recommend that her motion for injunctive relief be denied.[1]

2                              **Screening Order**

3  **I.      Screening and Pleading Requirements**

4          A federal court must screen the complaint of any claimant seeking permission to proceed

5  *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

6  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

7  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

8  relief.  *Id.*

9          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22

23          [1] With her complaint, plaintiff filed a motion to seal this case as required by the False
    Claims Act.  ECF No. 2.  In accordance with 31 U.S.C. § 3730, each of plaintiff's filings were, at

24  least initially, filed under seal to provide the United States an opportunity to decide whether to
    intervene in this action.  After the government filed its notice of election to decline intervention,

25  the court ordered plaintiff's complaint unsealed; her other filings remain under seal.  ECF No. 19.
    Accordingly, plaintiff's motion to seal is moot and is therefore denied.

26          Plaintiff has also filed a motion to redact.  ECF No. 4.  In that motion, plaintiff states that
    she "was made aware" that she should not have filed exhibits in this action.  ECF No. 4.

27  Plaintiff's conclusory statement fails to demonstrate that the complaint's exhibits should be
    redacted, and the motion is therefore denied.

28

                                        2

would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that in 2015, she moved into a residential unit at the Bridges at Five Oaks,

an apartment complex owned by defendants Oak Valley, L.P., Oak Valley, LLC and Reliant

Property Management and managed by defendants Wasatch Property Management and Wasatch

Holdings.  ECF No. 1 at 3, 7.  Plaintiff leased her apartment through Federal Housing Choice

Voucher program, which subsidized her rent.  She claim that since 2015, her unit has been

uninhabitable due to "leaking pipes, leaking walls, water damage, mildew, moist and damp

ceilings, toxic mold, [and] noxious fumes . . . ."  *Id.* at 1.  Despite knowledge of these living

conditions, defendants Wasatch Property Management, Wasatch Holding, Reliant Management,

Oak Valley, LLC, and Oak Valley, L.P. submitted claims for payment to Department of Housing

and Urban Development through its Section 8 program, which defendant Sacramento Housing

and Redevelopment improperly approved.  *Id.* at 8, 10-11.  Defendants also allegedly charged

plaintiff rents in excess of the amount permitted for section 8 tenants and higher than the amount

charged to other tenants.  *Id.* at 8.  Plaintiff contends that by charging excessive rents and

submitting claims for payment to the Department of Housing and Urban Development, each

defendant violated the False Claims Act.

The False Claims Act permits the Attorney General or a private party to bring a civil

action for submitting false or fraudulent claims for payment to the federal government.  28 U.S.C.

§§ 3729, 3730.  When brought by a private party, who is known as the relator, the United States

has sixty days to review the claims and decide whether it will intervien in the case.  28 U.S.C.

§ 3760(b)(2), (4).  If the government declines to intervien, the relator prosecutes the action on

behalf of the United States, which remains the real party in interest.  *United States ex rel.*

*Eisenstein v. City of New York*, 556 U.S. 928, 932 (2017); *see Stoner v. Santa Clara Cnty. Office*

*of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) ("[W]here the government chooses not to

intervene, a relator bringing a qui tam action for a violation of § 3729 is representing the interests of the government and prosecuting the action on its behalf.").  Because a relator is representing the United States and not her own interest or case, she is not authorized to maintain an action under the False Claims Act.  *Stoner*, 502 F.3d at 1126-27; *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 n.2 (9th Cir. 2017) ("Because a FCA claim is the government's claim—and not the relator's claim—and because the FCA does not allow relators to pursue any interest they might have in the claim separately from the government, we [have] concluded that a pro se plaintiff [can] not bring such a claim.").

Here, plaintiff's complaint only alleges claims for violation of the False Claims Act. Because plaintiff is not represented by counsel, she is not permitted to bring such claims. Accordingly, her complaint must be dismissed.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed.  Plaintiff should also take care to add specific factual allegations against each defendant.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

## Motion for Preliminary Injunction

Plaintiff has filed a motion for a preliminary injunction that asks the court enjoin defendants from, among other things: harassing, stalking, and molesting plaintiff; entering her unit without permission; destroying and tamping with her property; releasing noxious gases into her unit; manipulating her electronic devises.  ECF No. 12.  The requested relief bears no relation to plaintiff's complaint, which concerns defendants submitting fraudulent claims to the federal

1    government.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th

2    Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion

3    for injunctive relief and the conduct asserted in the underlying complaint.").  Moreover, because

4    plaintiff's complaint must be dismissed, she is unable to demonstrate a likelihood of success on

5    the merits.  *See Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008).  Accordingly, I will recommend

6    denying this motion.

7        Accordingly, it is hereby ORDERED that:

8        1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 3, is GRANTED.

9        2.  Plaintiff's motion to seal, ECF No. 2, is DENIED as moot.

10       3.  Plaintiff's motion to redact, ECF No. 4, is DENIED.

11       4.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

12       5.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

13   complaint or (2) notice of voluntary dismissal of this action without prejudice.

14       6.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

15   result in the imposition of sanctions, including a recommendation that this action be dismissed

16   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

17       7.  The Clerk of Court shall send plaintiff a complaint form with this order.

18       Further, it is RECOMMENDED that plaintiff's motion for a preliminary injunction, ECF

19   No. 12, be DENIED.

20       These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

22   service of these findings and recommendations, any party may file written objections with the

23   court and serve a copy on all parties.  Any such document should be captioned "Objections to

24   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

25   within fourteen days of service of the objections.  The parties are advised that failure to file

26   objections within the specified time may waive the right to appeal the District Court's order.  *See*

27   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

28   1991).

IT IS SO ORDERED.

Dated:    February 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE